at all. Argument not to exceed 15 minutes per side. Mr. Futhi, you may proceed for the appellant. Good morning. Good morning, Your Honors. My name is Malcolm Futhi. I'm here on behalf of the appellant, John Falls. Preliminarily, I'd like to reserve two minutes for rebuttal if I may. Very well. Thank you, Your Honor. This lawsuit, as it relates to John Falls, is Hanover's attempt to circumvent res judicata and to avoid the judgment that was reinstated by this court in Hanover 1. In the first lawsuit, John Falls obtained a jury verdict in his favor that required Hanover to pay $2.5 million for business personal property, which we call BPP, for the equipment that was in his studio, in the historic House of Blues studio in Memphis, was damaged due to a fire and later theft. Now, we had that jury verdict reinstated by this court in Hanover 1. And on remand, what happened was Hanover had that judgment stayed, that portion of the judgment stayed as the BPP, and filed this lawsuit. And in this lawsuit, which we're calling Hanover 2, Hanover is trying to completely set aside that BPP verdict, not only as to Chris Brown and TME, Tattooed Millionaire, who isn't here today, but also as to John Falls, who had already won at the jury trial below. This interlocutory pill that we have before us today concerns a single preliminary order entered by the district court that stayed John Falls' lawsuit in the state court against Chris Brown and TME regarding their respective rights in the BPP, and also denied John Falls' motion to dismiss. We're asking that the order be reversed with regard to the motion to stay, and also with regard to the motion to dismiss. How do we have jurisdiction over your appeal regarding the motion to dismiss, the denial of the motion to dismiss? Yes, Your Honor. I think that's one of the... I appreciate your instruction earlier about jumping to the good stuff, and that's definitely one of the good points. I think maybe that's the easier issue. Yes, sir. To me, it looks like it's an interlocutory appeal. It's not a final judgment, denial of a motion to dismiss. Yes, sir. Well, I think there are three reasons. There's pendent jurisdiction over issues that are inextricably intertwined, and I think to get to this, I think you have to answer the question of what do you need to consider the traditional factors for issuing an injunction under the stay. I think you should. We have four circuits that say you should, and two that say you shouldn't, and when you do that, you have to consider the substantial likelihood of success on the merits. Now, when you consider that factor, you have to consider whether Hanover has a valid claim, and the motion to dismiss issues address that directly. I think if you see that race judicata bars Hanover's claim under the substantial likelihood of success, then that takes care of the motion to dismiss. It's coterminous, so I think that's the first reason we have, is that substantial factors, substantial likelihood of success dictates that you go ahead and address the motion to dismiss. But we only get to that if we conclude that this falls within one of the exceptions to the Anti-Injunction Act. Yes, sir. You do have to get to that. And if we conclude that it doesn't, we don't get to Rule 65, we don't get to the All Writs Act, and clearly then they're not inextricably intertwined. You don't. Would that be a fair statement? Possibly. So we got two more points that I got hit real quick. On the long decision, you have to identify the different claims, and identifying the different claims and whether they're dissimilar, I think you have to see what is the real claim that Hanover has. If you go through the long process, establishing the identity of the claims, I think, again, you have to realize Hanover doesn't have a legitimate claim against John Falls because of race judicata. They do have a claim against Brown and T&E with regard to whatever Xs that Brown and T&E are going to get, but they have nothing with regard to John Falls. The other concern, the third point that we have that gets us to dependent jurisdiction, is that this case is really unique because I think the arguments that Hanover has, I haven't seen a strong one against the stay. I haven't seen a strong one against the motion to dismiss. Hanover's in the corner, and the only argument that they really have is that the Sixth Circuit said we could assert a public policy argument against not only Brown and T&E, but Falls. So this third point is that we're really asking for clarification from the Sixth Circuit as to what was said in Hanover 1. I think Judge McKee had a pretty good question, so I would probably turn to that one. Yes, sir. I'm interested, too, in the answer. Okay. Yeah. That's what depends on how you determine that the exception doesn't exist. I think if you hit it... I'm missing the point there because the exception that you're arguing about seems to be limited in the case law to a removal case or an in-rem jurisdiction, neither of which exist here. Okay. Yes, sir. That's the Martingale case. If you go under the Martingale case, I don't think you have to hit the question of race judicata, the potential likelihood of success in the merits, or clarify your earlier judgment. In which case, then, we wouldn't get to the motion to dismiss. Right. If you rely solely on Martingale, but there are two other ways to explain that the Anti-Injunction Act doesn't apply. If you go under the Long decision or if you go under the Indistinguished Lower Lord, I think you would have to go through that analysis. But yes, sir, I think if you rely solely on Martingale and say this just doesn't fall... You're arguing my point. Your whole position here is that this doesn't fall within one of the exceptions to the Anti-Injunction Act, and they shouldn't have stayed this state court action that you want to pursue separately. Right. I agree. I agree with that. So if you persuade us that, then by definition we don't get to the motion to dismiss question. If I win it on the first point and you enjoin based on Martingale, then you're right. But except for the fact... Do you have an argument that if we find that the injunction was not proper, that we would then still get to your motion to dismiss that Judge Griffin asked you about at the beginning? Yes, sir. If you get to... If you do it through the Martingale case, there's still a question of... But why would we be opining on what some other panel might have meant or didn't mean if we just simply find here there's no basis for the injunction? Yes, sir. Why don't we move on to the Anti-Injunction Act issue, which I think is the more important issue here. And you claim that the district court erred in applying the in aid of its jurisdiction exception. And let's talk about that. Yes, sir. The in aid of jurisdiction, I think there are three ways in which they erred. Under the Martingale decision, either the case has to be removed from state court to federal court... Which it wasn't, right? Right. It was not. Or it has to be in rame or quasi-in rame, which this is not. This is in personam. It's a Rule 22 interpleader at best. Just out of curiosity... Yes, sir. Had Hanover simply impled the money into the district court to divvy it up between Falls and the other defendants, then there would be a good argument to be able to then enjoin the state court action from there. So if there is statutory interpleader, which I think you're citing, then there would be jurisdiction. But the issue we have, too, is that I don't think that Hanover is the proper party to interplead any funds. They're not a plaintiff for that. They have a judgment that says they're supposed to pay $2.5 million to Falls and Brown TME. Their adjuster said we have to pay it jointly. We don't disagree with that. I think what they would have is that after they paid it, they would have a claim for injunctive relief to prevent any distribution. The money's not going anywhere. It would either go into the court or it would go into an escrow account. But I think the proper interpleader party would have been us, which messes up the jurisdiction. Isn't NRELM proceedings an exception to the Anti-Injunction Act? So actually, if the $2.5 million was deposited in the federal court, then they would probably have a good argument that that is an exception to the Anti-Injunction Act? Well, I think that actually comes back to the first exception, not in aid of jurisdiction, but the first exception if there's something expressly authorized by a natural Congress. We don't have that here. Right. Statutory. Isn't there an NRELM exception? I thought there was. There is under the second guarantee and the second prong, right? Right. Yes, and you're saying it's not a removal, so you're hinging it all on Judge Griffin's point, which is NRELM, right? Right. But I thought you just said it was in personam. Yes. When it's a Rule 22 interplater, the funds aren't actually pledged. That's the big distinction. Rule 22 is in personam. If it's statutory interplater, the statutory interplater allows for an injunction itself, and then that's NRELM. But then there's a statutory basis. Exactly. We don't have that here. Right. Exactly, Your Honor. I'm just missing the point. Yeah. You're just not answering the questions for some reason. I don't know. Well, I think you answered my question. We just sort of took a long way to get around it. You said, well, yeah, had they figured out a way to get the money into the district court, then it would fit within one of the exceptions. But they didn't because they don't meet the definition of required for statutory interplater. That's the answer, isn't it? Well, the district court judge asked them, well, are you going to just deposit it? And they said, no, they don't want to deposit it. They want a Rule 22, which is in personam. I think they claim that false claim is somehow barred by the joint liability of the arsonist or whatever. I mean, that somehow under the contract that the misconduct of the co-insured is responsible. So I think they're still contesting the liability is what they're doing rather than – okay. All right. Basically, your argument is that there is no exception here. I guess my question again is the district court relied not on the other things but in aid of jurisdiction. He cites the multi-district litigation cases, which have allowed an injunction to be issued despite the statute. And he kind of analogizes this to those cases. And what's wrong with that? Yes, sir. The Lorillard case, which is what the district court relied on, is completely distinct from this. In that case, the federal court had a final judgment in the first matter, had a final judgment that enjoined the parties from filing any separate lawsuit. It also involved a complex class action, and the court was still administering the class fund, which is not what we have here. It's also a statutory interpleader. It wasn't a rule interpleader. It was a statutory interpleader. And the first exception allows for an injunction based on that. Judge McCalla pointed towards MDL cases and Rule 23 cases. Judge Griffin asked you about his reliance on the MDL cases. You answered with Lorillard, which is a class action case. Yes, sir. So what about the MDL cases? Well, I think the MDL is a unique animal, too. An MDL, like a class action, provides certain powers to the court to administer this whole collection of cases, and that's just not what we have here. It's just completely distinct. Well, doesn't that aid the federal court in its jurisdiction? I mean, if that is an exception to the Anti-Injunction Act, the multidistrict litigation cases, then why isn't this, I guess? I mean, if we're making that an exception, which I question whether that should be an exception. Yes, sir. But apparently some courts have recognized it. That rationale doesn't apply here or not? Well, Your Honor, the Jamie John case and the tool case have limited these cases to class actions and MDL. It's pretty far – it's a stretch to get you to the class actions and MDL. It's going to be an incredible stretch to go beyond class actions and MDLs to get you to a single dispute where basically we already have a judgment in place that should have been paid. I'm not sure – I'm hoping I'm answering your question, but I think it's – What's the stretch? Why is it not logical to extend it here even farther? Well, particularly with regard to class actions, you have to have the administration of the funds, so you actually have the court overseeing the fund in the same case. Okay, but the multidistrict, you don't have a fund. Right. You just have several claims that have been consolidated. Yes. Why is that allowed? Right, but it's akin to a class action in that you have a mass administration of a lot of cases that you just don't want inconsistent results. So I just – So it's the mass administration that allows an exception? If you've got a lot of administration, you can – that's an exception to the Anti-Injection Act? That's how I've seen the Seventh Circuit, Jamie John, and the Tenth Circuit and tool have construed that exception to be. Okay. Isn't the answer from your part simply to say that the Supreme Court has made it clear that there are three exceptions and we shouldn't be expanding upon those three? And maybe those two other circuits did, but we shouldn't be expanding even further? Yes, sir. I think that's as much of a stretch as you can go, class action, MDLs. I think anything else would be too far of a stretch. Maybe we don't even have to go there. Any further questions at this time? Okay. Let's hear from the appellee. Can I ask you a question just to start? I'm sorry. Good morning, Your Honors. May it please the Court. Jeremy Grable for Hanover American. I just want to make sure because your friend on the other side did a good job of knocking down some arguments I'm not sure you're making. We're just focused on the second prong of the Anti-Injunction Act and then only on the – not on the removal part of it, right? That's correct. So we're just in one part of one prong? That's right. I think Your Honors have zeroed in on that. One exception, the aid of jurisdiction exception. That's right. And there's really two parts to that. One is did the district court have power to issue this injunction under that exception? That's part one. If so, then did he act within his discretion in deciding whether to issue the injunction? Courts have described that two-part process. So to the first part, did the district court have power in aid of jurisdiction exception? Absolutely. This is a rule interpleader under Rule 22. We could not have filed a statutory interpleader under the Federal statute because it requires diversity among the claimants. And traditionally, statutory interpleader came first. Traditionally, the stakeholder was disinterested. Here are the funds, court. We're going to deposit them into the registry. We're done. We have no claim to it. Could you have made the deposit under the rule interpleader? We could have, and we still can. Then you could have made your in rem argument. Well, I still think it's a quasi in rem proceeding. In this Court the the It's quasi in rem when we don't have the rem? Well, it's an interpleader action. And the cases are not entirely clear on this. But this Court Cut to the chase. I'm just fascinated by this. Why didn't you just deposit the money? Well, we don't have to. We have a claim to it. This is the distinction between statutory interpleader and rule interpleader. Rule interpleader came later. It's not a question of whether you had to. It's the question of whether you needed to have done it in order to have the district court enjoin the state court action. Well, I don't know. It wouldn't have triggered the separate statute that allows injunctions of state court suits in statutory interpleader cases. Simply depositing the funds would not have converted this to a statutory interpleader. I guess the answer is that we are not a disinterested stakeholder. We have a claim to some of these funds. And just as a matter of efficiency, we don't want to deposit $2.5 million when we're claiming that some or all of that belongs to us. They're contesting the amount. Right. And we're allowed to do that under rule interpleader. But this is an important general point. There's no question that under the statutory interpleader regime, a federal court can do this. He can enjoin competing state court cases that interfere with the administration. Much like an MDL, this case has been... Is the Anti-Injunction Act that weak? That whenever a state court is going to interfere with a federal court, the federal court can enjoin state court proceedings based upon interference? Is that what Congress intended? In the limited context of interpleader, I think that's true. It undermines the federal court's jurisdiction. There's no question that the federal court has... Okay. The court is protecting... That's the exception. It's protecting its jurisdiction. Well, it's an aid of jurisdiction. It's necessary for jurisdiction to say that it helps the administration of the federal court to enjoin state court proceedings. I don't know. As a former state judge, I think I would be a little bit hesitant to go that way. Which raises an interesting question. Why are they even in state court? I mean, we were here two years ago to argue the jury verdict. And remotely, we weren't physically here. But we have... Why they're there, I guess it's their choice. And often you'll have concurrent jurisdictions on disputes between state and federal courts. And it may not be the most efficient way to resolve things. But it does happen. And the state courts are allowed to have their own power, their own jurisdiction. And the federal constitution provides for that. And the Anti-Injunction Act enforces it, really. Enforces issues of federalism. Well, this is... Let me make one comment on that. Because the Seventh Circuit has addressed that. The concept of federalism that the Anti-Injunction Act... And this is the Winkler case out of the Seventh Circuit. That concept of federalism that the Anti-Injunction Act is concerned about is meant to protect a long-established policy against forum shopping, which is all that is going on here. Mr. Falls doesn't like how he thinks Judge McCullough is going to resolve this case. And so he's filed... Before the Sixth Circuit even ruled two years ago, he filed an action in state court only against Mr. Brown, not against Hanover, even though he knows Hanover has a claim to some of these funds. And what came out at the hearing in the district court on these motions, Judge McCullough was very concerned about what was going on in state court. They were about to have a mediation, and Mr. Falls and Mr. Brown were going to come up with some deal where they... The example that was given was they split their interests 50-50 in this fund. Could you have intervened in a state court case? We could have, I suppose. Could you have removed it after you intervened? I don't believe we could have removed it. We could have intervened. There's no diversity? I'm sorry? There's no diversity? No. Falls and Brown are both Tennessee residents, which is why we don't have statutory interpleader. But again, we shouldn't be required to do that. I want to come back to one point I was trying to make. In statutory interpleader, all of the courts recognize that the idea of interpleader is to bring everybody together into one court for an efficient resolution of all competing claims. Many courts have recognized, not the Sixth Circuit, but many courts, including the Seventh Circuit, and a lot of the courts cite back to a 1960 decision by J. Skelly Wright out of New Orleans, that in rule interpleader cases, we cited a bunch of the other cases in our brief, even in rule interpleader cases, the same rule should apply. Well, it's interesting because Congress cites the statutory exception in the Anti-Injunction Act. It doesn't say anything about a rule-based exception. No. In other words, it cites one exception, doesn't cite another. You want us to read the rule exception basically into a rule, into the statute that mentions the statutory interpleader, doesn't mention the rule interpleader. You get there a different way. And the courts recognize that. You have to go through the innate of jurisdiction exception to get there in a rule interpleader case. Right. But my point is, and I think what Judge Wright and the Seventh Circuit and some of these other courts have said, is you need to get to the same place. Otherwise, we're going to get to the same place. Congress could have said a rule-based. I don't know if Rule 22 was in existence then, but it could have said rule, statute or court rule. It didn't. I know you're trying to get there, but shouldn't we read something out of the words that Congress chose? Sure. And again, it's just the courts are interpreting the innate of jurisdiction exception. But the fundamental point, which I just want to make sure this is clear, is that in order for a rule interpleader action to be effective, the court has to have power over all of the claimants. Because what's going to happen here? There's going to be some adjudication in state court between Falls and Brown. Is there any limitation on the rule-based interpleader action then? Or every time there's a rule-based interpleader action, that the federal court has to stay the state court proceeding? Even if it's not NREM, it doesn't matter. Any case, every time it happens. In rule interpleader, which I would contend is a quasi-NREM proceeding, in rule interpleader, yes, the exception exists. The innate of jurisdiction exception. I know, but you're basically saying in every case. In every rule interpleader case. Right. And so Congress said every statutory case. It didn't say anything about a rule case. You're not reading the statute every single rule case. That seems like a big leap to me. Well, I think that's the result you get to under the innate of jurisdiction exception. Because otherwise, again, you have to look at the end of the road. We don't look at the end of the road. We look at the statute. You know, the statute may not be the best policy, but you want to have us do policy decisions here. Well, this is a better policy for the administration of justice to do that. But no, we're looking at an act of Congress. And we have to follow the text of the law and what was intended by Congress in that text, as opposed to what's the most efficient way to do so. And I probably agree with you that it would probably be more efficient to have everything in federal court. But our system was not set up like that. We have parallel systems of state and federal jurisdiction. And, yeah, sometimes it gets messy. But that's the way it works. I understand that. And it is obviously a rare instance when a federal court should. Well, it should be. It actually should be. I do think, and Judge McCullough found, this is our position. And, again, a number of courts have found this. Rule interpleader cases are fairly rare. They don't come up a whole lot. But they are one situation where the federal court has jurisdiction, and in aid of that jurisdiction, which is the statutory language, in aid of that jurisdiction, it is authorized to enjoin competing state court actions for the same reasons that it does it in statutory interpleader. Courts have said they can use that other exception. And, again, we think that. Has the Supreme Court ever recognized a quasi-in-realm exception to the Anti-Injunction Act? So this Court's language says that. It lists the two exceptions. I guess my question is, has the Supreme Court ever recognized a quasi-in-realm exception? I don't know about the Supreme Court, Your Honor. I don't think they have. I do know that in this Court's life investors case, which I don't know that this got cited in the briefing, it's 589F3D319, the two exceptions that the Court talks about where the in-aid of jurisdiction exception applies are when the case is removed from state court and where the federal court acquires in-rem or quasi-in-rem jurisdiction. Again, it's citing a prior Sixth Circuit case for that. I don't know. What about the Vendo case? I'm sorry. What about Vendo from the Supreme Court? I'm not familiar with Vendo, Your Honor. I'm sorry. It all traces back to the Atlantic investors case at the Supreme Court, which again recognizes that there is some need for a federal court to have flexibility in exercising its jurisdiction and managing these cases. That's the source of how these exceptions to the Anti-Injunction Act have developed. And you talked with counsel about MDL cases and, you know, the analogy to a res that's created by a complex set of claims and whether that's class action or MDL. And again, this Court in Lorillard extended that language, the in-aid of jurisdiction exception, extended it to the class action context and affirmed an anti-suit injunction under that exception. So I appreciate the Court's concern about sticking to the statute. Was Lorillard a statutory interpleader case? It was a statutory interpleader case, but interestingly the parties didn't rely on that federal statute that allows injunctions. And so the Sixth Circuit went on and analyzed the in-aid of jurisdiction exception. So we believe it supports the injunction here that the district court thought. So it's a little strange. I'm not sure that they needed to do that. I'm not sure I understood the point. You're sorry. It was a statutory interpleader case, but the Sixth Circuit analyzed the in-aid of jurisdiction exception and concluded that the injunction was appropriate under that exception. All we're saying is that same analysis should apply in a rule interpleader case. It's the same exception, and the fact that we've got an interpleader case with multiple claims, the federal court needs some flexibility and authority to resolve that once and for all. We think the same rule applies and that the reasoning of Lorillard really does control this. Just out of curiosity, while, as Judge Griffin indicated, it might be more efficient to have all of this decided before Judge McCalla and the federal district court, what's wrong with this separate proceeding going ahead in state court? I'll bet perhaps with some inefficiency. Again, I think it undermines the rule interpleader procedure, and it frustrates and undermines the court's jurisdiction over that procedure. I mean, Mr. Brown and Mr. Falls, they're not going to want to participate in the rule interpleader procedure. They're going to try to argue that they've resolved their disputes, that their respective interests have been resolved in state court. So it really is going to handcuff Judge McCalla in managing the interpleader case, where all of the claimants, that's the other thing, there is no prejudice to these claimants. They want to be in state court because of their form-shopping concerns, but they're present in the rule interpleader case. They can all make their claims. There are additional claimants. These are not the only two claimants. There's John Falls, Chris Brown. Mr. Futhi himself is actually a claimant as counsel. There's a GGG company who's a claimant. All of those claimants to the disputed funds are before the federal court. So the point of the rule is there has to be a very strong federal interest. Right. The federal interest here is the district court judge managing his docket, is managing this case. The interest flows from Rule 22, Judge, and the nature of rule interpleader. What's the dramatic interference? You're saying the state courts, how the state courts, there are sometimes imperson cases that go in both courts, but you're saying this is especially important to the federal court that we really need to enjoin the state court. Why is that? Just because the state court might make a different determination on a question of state law? No, because the rule interpleader procedure that's been invoked through the state court, that's a procedure that is authorized by the federal rules. That's an important procedure. So every rule is important. Every rule is important, I suppose, but this creates a pretty high bar. It's a unique procedure. Aren't these basically state law questions? Aren't these mostly state law questions? Most of the questions are state law questions. So it seems appropriate for a state court to resolve them. It seems hard to think that the federal court has a strong interest in managing the case that's mostly about state law questions. Well, the federal court doesn't have any particular interest, any stronger interest in just deciding those state law issues. The federal court's interest here flows from Rule 22 and the fact that we have a robust rule interpleader procedure that the federal court has jurisdiction over. And that's the theory, Judge. It flows from that procedure. Everyone is in the federal interpleader case. There's no prejudice to anyone from being prevented from pursuing another action in state court. And we would ask the court to affirm the injunction. And if you get to the other issues, either affirm the motion to dismiss or find that you don't have jurisdiction to consider it. All right. Thank you, Counselor. Thank you. All right. Rebuttal? Two minutes. Thank you, Your Honor. A lot of good stuff to talk about. I'd like to answer Mr. Grable's question about why John Falls filed suit in state court. In the district court case, the first trial, McCulloch said, go sue each other. Don't do it here. And that's what the Sixth Circuit said in the appeal. That's what we thought we had. We thought we had a claim against Brown and TME. We thought we had already won against Hanover. And we didn't have subject – there's no diversity jurisdiction. We didn't have subject matter jurisdiction to file in federal courts. We just – we filed it where we thought we could. I was also concerned about accession limitations. We weren't really sure what it was because it had been extended out. But we got it filed. Another interesting point of this is that the Hanover 1 decision has been stayed. So the district court is still going to have some administration over the distribution of the $2.5 million. After all, this gets sorted out through Hanover 1. We're going to have to file a motion to lift the stay and disperse the $2.5 million. It's probably going to be reconsidered at that point. Another point I'd like to make, opposing counsel mentioned – or Mr. Grable mentioned Geller. It's a Second Circuit case. And that – in that case, a Rule 22 case, the Southern District of New York actually said, we're not going to enjoin this state court action. Go ask the state court action. Go ask the state court for the injunction. They denied the injunction under the Rule 22. The other thing that I would just emphasize is that the innate of jurisdiction, the Anti-Injunction Act, all doubts should be resolved against an injunction. We have important questions of federalism. I think it's only appropriate that the exception be very limited and it shouldn't be expanded beyond class actions. With that, we would ask that the court reverse the order and remand it. Thank you, counsel. The case will be submitted.